**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BRICKZADIA APONTE, *on behalf of herself and others similarly situated*,

      Plaintiff,

    v.

WHOLE FOODS MARKET GROUP, INC. and AMAZON.COM, INC.

      Defendants.

---

Case No.:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff BRICKZADIA APONTE ("Plaintiff Aponte" or "Plaintiff"), individually and on behalf of all other persons similarly situated, by her undersigned attorneys, pursuant to this Class Action Complaint against Defendants WHOLE FOODS MARKET GROUP, INC. ("Whole Foods") and AMAZON.COM, INC. ("Amazon") (collectively, "Defendants"), alleges the following:

**NATURE OF THE ACTION**

1.     This action seeks to bring a stop to, and obtain redress for, Defendants unlawful violations of New York City's Fair Workweek Law, N.Y.C. Admin. Code § 20-1201 *et seq.*, which prohibits retail employers from cancelling, scheduling, or rescheduling shifts with less than 72 hours' notice to the employee without the employee's written consent.

1

**PARTIES**

*Plaintiff Brickzadia Aponte*

2. Plaintiff Aponte is a resident of New York County.

*Defendants*

3. Amazon.com, Inc., is a Delaware corporation with its principal place of business at 410 Terry Ave N., Seattle, Washington, 98109. Its address for service of process is Corporation Service Company, 80 State Street, Albany, NY 12207.

4. Whole Foods Market Group, Inc. is a Delaware corporation and a wholly owned subsidiary of Amazon.com, Inc. Its principal place of business is 550 Bowie Street, Austin, Texas, 78703. Its address for service of process is CT Corporation System, 28 Liberty St., New York, NY 10005. Whole Foods operates numerous grocery stores in New York City.

**JURISDICTION AND VENUE**

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this is a class action as defined by 28 U.S.C § 1332(d)(1)(B), whereby: (i) the proposed class consists of over 100 class members, (ii) a member of the putative class is a citizen of a different state than Defendants, and (iii) the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs.

6. The Court has personal jurisdiction over Defendants because Defendants do business in New York and the events giving rise to this Complaint took place in New York.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

## **FACTUAL AND LEGAL ALLEGATIONS**

8. Plaintiff was employed by Defendants as a maintenance worker at the Whole Foods store on 270 Greenwich Street in Manhattan between August 2019 and November 2019.

9. Plaintiff worked at the store five (5) days a week with a widely varying schedule. Shifts could include 7:00 am to 3:00 pm, 2:00 pm to 8:00 pm, or 3:00 pm to 11:00 pm.

10. It was Defendants' customary practice to routinely change Plaintiff's and other workers' schedules with less than seventy-two hours' notice and to compel them to accept the change.

11. For example, Plaintiff would be called in to work the next day when she expected to have that day off, perhaps to cover for another employee who had called out. Or Defendants would change the next day's evening shift into a morning shift, which would leave Plaintiff with no time to recuperate if she happened to be working late that day. Defendants would also cancel the next day's shift abruptly and reschedule it for the following day, when Plaintiff was expected to have that day off and had other plans or obligations.

12. This plunged Plaintiff's life into chaos and unpredictability. Whatever the original written schedule said, Plaintiff always had to take it with a grain of salt and could never be certain whether or not she would be working the following day and, if so, when. This significantly hampered Plaintiff's ability to take care of her children, and she would often have to cancel their medical appointments after she was called in to fill in for other employees on short notice.

13. Through personal observation and conservations, Plaintiff learned that other Whole Foods employees were being treated in the same way.

14. Defendants thereby violated New York City's Fair Workweek Act, which prohibits involuntary changes to retail employees' schedules with less than seventy-two (72) hours' notice.

## CLASS ACTION ALLEGATIONS

15. Plaintiff Aponte brings this lawsuit as a proposed class action under the Fair Workweek Law pursuant to Fed. R. Civ. P. 23 on behalf of herself self and all non-exempt Whole Foods employees in New York City who were employed by Whole Foods at any time beginning two (2) years prior to the filing of this Complaint and to the present.

16. Plaintiff reserves the right to amend the foregoing class definition based on information learned in the course of litigating this case.

17. Class members are so numerous that joinder of all members is impracticable. The precise number of Class members is uniquely within Defendants' possession, and Class members may be notified of the pendency of this action by published and/or mailed notice.

18. Plaintiff will fairly and adequately represent and protect the interests of Class members because her interests coincide with, and are not antagonistic to, their interests. Plaintiff has retained Counsel who are competent and experienced in complex class actions. There is no conflict between Plaintiff and other Class members.

19. Plaintiff's claims are typical of the claims of the Class she seeks to represent, as it is Defendants' standard practice to routinely change employee schedules on short notice without their consent. Plaintiff is entitled to relief under the same theories of liability as other Class members.

20. Class certification is also appropriate under Rule 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual Class members, since the above-described policies were not uniquely applied to Plaintiff.

21. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Class members have been damaged and are entitled to recovery as a result of Defendants' uniform policies and practices. The amount of each Class member's

individual claim is small compared to the expense and burden of individual prosecution of this litigation. A class action will allow more individuals to obtain relief, given the high cost of bringing individual actions, while also saving judicial resources.

22. Class certification is appropriate under Rule 23(b)(2) because Defendants have acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole. The Class members are entitled to declaratory and injunctive relief to end Defendants' common, uniform, unfair and unlawful policies and practices.

## CAUSE OF ACTION

### VIOLATIONS OF NEW YORK CITY FAIR WORKWEEK LAW
### N.Y.C. Admin. Code. § 20-1201 *et seq.*

*Brought by Plaintiff on Behalf of Herself and the Class*

23. Plaintiff realleges all the foregoing allegations in this Complaint as if fully set forth herein.

24. New York City's Fair Workweek Law guarantees to retail employees a predictable workweek. It requires, *inter alia*, that New York City retail employers post the notice "YOU HAVE A RIGHT TO A PREDICTABLE WORK SCHEDULE" where employees can easily see it.[1] *See* § 20-1205. Employers are also required to keep records documenting their compliance with the Fair Workweek Law. *See* § 20-1206.

25. The Fair Workweek Law prohibits retail employers from "[c]ancel[ling] any regular shift for a retail employee within 72 hours of the scheduled start of such shift" or from

---

[1] https://www1.nyc.gov/assets/dca/downloads/pdf/workers/Retail-FairWorkweek-Overview-English.pdf

5

"[r]equire a retail employee to work with fewer than 72 hours' notice, unless the employee consents in writing." § 20-1251.

26. Defendants violated the Fair Workweek Act when they routinely rescheduled and/or added to Plaintiff and Class members' shifts with less than seventy-two (72) hours' notice and without their consent.

27. The Fair Workweek Act provides for a private cause of action, for compensatory, injunctive, and declaratory relief, and for reasonable attorneys' fees. § 20-1211.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members pray for relief as follows:

(a) Certification of the case as a class action on behalf of the proposed Class;

(b) Designation of Plaintiff Aponte as Class representative;

(c) Designation of Plaintiff's counsel of record as Class Counsel;

(d) Injunctive and/or declaratory relief to correct Defendants' unfair and unlawful policies and practices;

(e) An award of all applicable compensatory and punitive damages for violations of the Fair Workweek Law;

(f) An award of costs incurred herein, including reasonable attorneys' fees;

(g) Pre-judgment and post-judgment interest, as provided by law;

(h) Payment of a reasonable service award to Plaintiff Aponte, in recognition of the services she has rendered and will continue to render to Class members, and the risks she has taken and will take; and

(i) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of themselves and all others similarly situated, demand a trial by jury on all questions of fact raised by the Complaint.

Dated: March 11, 2021

                Respectfully submitted,

                **LEE LITIGATION GROUP, PLLC**
                */s/ C.K. Lee*
                By:  C.K. Lee, Esq.

                C.K. Lee (CL 4086)
                148 West 24th Street, Eighth Floor
                New York, NY 10011
                Tel.: 212-465-1188
                Fax: 212-465-1181

                *Attorneys for Plaintiff and the Class*