UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRICKZADIA APONTE, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>WHOLE FOODS MARKET GROUP, INC. and AMAZON.COM, INC.,<br><br>Defendants. | Civil Action No. 1:21-CV-02148<br><br>**DEFENDANT WHOLE FOOD MARKET GROUP, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendant Whole Foods Market Group, Inc. ("Whole Foods" or "Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers the Class Action Complaint ("Complaint") filed by Brickzaida[1] Aponte ("Plaintiff" or "Aponte") as set forth below:

## NATURE OF THE ACTION[2]

1.     Defendant admits that Plaintiff is bringing an action under N.Y.C. Admin. Code § 20-1201 *et seq.*, which speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

---

[1] The Complaint spells Plaintiff's first name "Brickzadia" which is inconsistent with how it is spelled in Whole Food's records.

[2] The headings and sub-headings included in this Answer were derived from the headings and sub-headings included in the Complaint and are included herein for ease of reference only.  Defendant denies any allegations set forth in the headings or sub-headings.  Defendant further denies that Plaintiff is entitled to damages or relief of any kind, whether on an individual or class-wide basis, and specifically denies that Plaintiff's action can proceed as a class action.

## PARTIES

2.  Defendant admits only that its employment records reflect a last known address for Plaintiff in New York County. Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.  The allegations of Paragraph 3 relate solely to a co-defendant who has been dismissed from the lawsuit, and therefore no response by Whole Foods is necessary.

4.  Admitted.

## JURISDICTION AND VENUE

5.  Paragraph 5 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint. Defendant specifically denies that Plaintiff's action can proceed as a class action.

6.  Paragraph 6 contains a legal conclusion to which no response is required.

7.  Paragraph 7 contains a legal conclusion to which no response is required.

## FACTUAL AND LEGAL ALLEGATIONS

8.  Whole Foods admits that it employed Plaintiff as a maintenance worker at the Whole Foods store on 270 Greenwich Street in Manhattan between August 2019 and November 2019. Defendant denies that Amazon.com, Inc. employed Plaintiff and denies any other remaining allegations contained in Paragraph 8 of the Complaint.

9.  Defendant admits that the times of Plaintiff's shifts varied. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

## CLASS ACTION ALLEGATIONS

15. Defendant admits that Plaintiff seeks to bring this lawsuit as a proposed class action under the Fair Workweek Law. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint. Defendant specifically denies that Plaintiff's action can proceed as a class action.

16. Paragraph 16 contains a legal conclusion to which no response is required.

17. Paragraph 17 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Paragraph 22 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

## CAUSE OF ACTION

23.     Defendant repeats and reasserts its responses to the allegations contained in the foregoing paragraphs as if set forth fully herein.

24.     Paragraph 24 contains legal conclusions to which no response is required.

25.     Paragraph 25 contains legal conclusions to which no response is required.

26.     Denied.

27.     Paragraph 27 contains a legal conclusion to which no response is required.

## PRAYER FOR RELIEF

Defendant denies the allegations contained in the PRAYER FOR RELIEF Paragraph of the Complaint, inclusive of sub-paragraphs (a)-(i), and specifically denies that Plaintiff is entitled to any damages or other relief of any kind, whether on an individual or class basis, including the damages and other relief set forth in the PRAYER FOR RELIEF Paragraph of the Complaint.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff purports to request a jury trial on behalf of herself and all others similarly situated, but denies that Plaintiff is entitled to such a jury trial.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint that has not otherwise been specifically admitted or denied herein.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

1.      The Complaint fails to state a claim, in whole or in part, against Defendant upon which relief can be granted.

2. Plaintiff lacks standing to raise claims of the putative class members that she seeks to represent.

3. Plaintiff and/or putative class members' claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff and/or putative class members' claims are barred, in whole or in part, by the doctrines of unjust enrichment, laches, offset, waiver, estoppel, res judicata, unclean hands, and other equitable defenses.

5. Plaintiff's claims, and those of the members of the putative class whom she purports to represent, are barred in whole or in part to the extent that these individuals have affirmatively released, waived, or abandoned all or some of the claims raised in the Complaint.

6. Plaintiff and/or putative class members' claims are barred, in whole or part, to the extent that Plaintiff or any putative class member agreed or agrees to arbitrate the claims alleged in the Complaint, and/or to waive the right to pursue such claims on a class, collective, or representative basis.

7. Plaintiff's and/or putative class members' claims for damages are limited by the applicable damage caps.

8. Plaintiff's claims, and those of the members of the putative class whom she purports to represent, are barred in whole or in part because neither Plaintiff nor the purported class members have suffered any injury or damage as a result of any actions allegedly taken by Defendant.

9. Plaintiff's claims, and those of the members of the putative class whom she purports to represent, are barred in whole or in part because they provided written consent to the applicable schedule changes.

10. Plaintiff's claims, and those of the members of the putative class whom she purports to represent, are barred in whole or in part to the extent the schedule changes were employee initiated.

11. Plaintiff's claims, and those of the members of the putative class whom she purports to represent, are barred in whole or in part to the extent Whole Foods had no notice of the schedule changes.

12. If this Court were to certify this action as a representative action, which Defendant expressly denies it should, any award of liquidated, multiple, or punitive damages would deny Defendant the due process of law and cannot be levied where the potential damages are limited to premium payments and are not wages.

13. Plaintiff is an inadequate and atypical representatives of the class she purports to represent, and Plaintiff's interests are in conflict with those of the individuals she seeks to represent.

14. Plaintiff's claims, and those of the members of the putative class whom she purports to represent, are barred in whole or in part to the extent they failed to exhaust internal and/or administrative remedies.

15. Plaintiff's claims, and those of the members of the putative class whom she purports to represent, are barred, in whole or in part, because changes to employees' work schedules arose from: (a) threats to employees or the employer's property; (b) the failure of public utilities or the shutdown of public transportation; (c) a fire, flood or other natural disaster; or (d) a state of emergency declared by the president of the United States, governor of the state of New York or mayor of the city.

16. Plaintiff's claims, and those of the members of the putative class whom she purports to represent, are barred, in whole or in part, by other statutory exclusions, exceptions, or credits under the New York City's Fair Workweek Law.

17. Plaintiff, in the exercise of reasonable diligence, could have mitigated any alleged monetary damage to herself, and instead failed to exercise reasonable diligence and failed to mitigate such alleged monetary damages, and therefore Plaintiff's claims are barred.

18. The actions of Whole Foods were justified under the circumstances, and Whole Foods acted in a manner that was proper, reasonable and lawful in the exercise of good faith.

19. Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert such additional defenses that may appear and prove applicable through the course of this litigation.

**WHEREFORE,** Defendant respectfully requests that this Court dismiss the Complaint in its entirety, with prejudice; award Defendant its costs in this action, including its reasonable attorneys' fees; and grant to Defendant such other and further relief as the Court deems appropriate.

Dated: July 8, 2021  
New York, New York

Respectfully submitted,  
MORGAN, LEWIS & BOCKIUS LLP

*/s/ Leni D. Battaglia*  
Leni D. Battaglia  
Daniel A. Kadish  
Liliya P. Kramer  
101 Park Avenue  
New York, New York 10178-0060  
(212) 309-6000 office  
(212) 309-6001 fax  
Leni.battaglia@morganlewis.com  
Daniel.kadish@morganlewis.com

Liliya.kramer@morganlewis.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2021, the foregoing Answer to the Complaint, was filed via the ECF filing system and served through the Court's ECF system on the following:

> C.K. Lee
> Anne Melissa Seelig
> Lee Litigation Group, PLLC
> 148 West 24th Street, Eighth Floor
> New York, NY 10011
>
> *Attorneys for Plaintiffs*

/s/  Leni D. Battaglia
Leni D. Battaglia